UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CRISTAL DELK, individually on behalf of herself  :
and others similarly situated,  :
   :
                                                    Plaintiff,  :      REPORT AND
   :      RECOMMENDATION
      -against-  :
   :      No. 24-CV-4269-ENV-JRC
HARBORVIEW HEALTH SYSTEMS INC.,  :
a Domestic Business Corporation,  :
   :
                                          Defendant.  :
   :
------------------------------------------------------------------- x

JAMES R. CHO, United States Magistrate Judge:

       Plaintiff Cristal Delk ("plaintiff") commenced this wage-and-hour action against Harborview Health Systems Inc. ("Harborview" or "defendant") for alleged overtime wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*  *See generally* Compl., Dkt. 1.  Now pending before this Court, on referral from the Honorable Eric N. Vitaliano, is defendant's motion to dismiss this action in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Mot. to Dismiss, Dkt. 23; Order Referring Mot. dated Nov. 15, 2024.[1]  Defendant moves to dismiss plaintiff's Complaint on the grounds that plaintiff's allegations fail to establish sufficiently that Harborview was her employer under the FLSA.

       For the reasons set forth below, the undersigned respectfully recommends denying defendant's motion to dismiss.

---

[1] The motion was originally referred to the Honorable Sanket J. Bulsara.  However, on December 18, 2024, the case was transferred to the undersigned.

## Background

### I. Factual Background

The following facts are drawn from the Complaint (Dkt. 1) and are accepted as true for purposes of this Report and Recommendation.

Defendant Harborview is a domestic corporation incorporated in Nassau County, New York, and maintains its principal executive office in Cedarhurst, New York. Compl. ¶¶ 4, 11. Harborview operates approximately 27 "health centers" located in Florida, Georgia, and North Carolina. *Id.* ¶¶ 13, 14, 17. Harborview's health centers are "primarily engaged in the care of sick, aged, mentally ill or defective clients who reside on premises." *Id.* ¶ 34.

From April 2021 through April 2023, plaintiff worked at a Harborview facility located in Rome, Georgia (the "Rome Facility"). *Id.* ¶¶ 7, 8. Plaintiff worked for Harborview as a licensed practical nurse and was paid an hourly wage for all hours worked. *Id.* ¶¶ 9, 40, 42. Plaintiff's responsibilities included basic nursing care to patients, such as "administering medication, taking vital signs, taking notes, and post-op care." *Id.* ¶ 41.

During her employment at the Rome Facility, plaintiff "worked in excess of forty (40) hours in most, if not all, workweeks." *Id.* ¶ 44. Although she regularly worked in excess of forty hours, plaintiff did not receive statutory overtime pay and instead was paid "at her regular rate of pay for all hours that [she] worked in a single week." *Id.* ¶¶ 45, 46, 48.

### II. Procedural History

On June 17, 2024, plaintiff commenced this action against Harborview alleging violations of the FLSA. *See* Compl., Dkt. 1. On August 15, 2024, defendant filed a motion for a pre-motion conference indicating its intent to file a motion to dismiss. *See* Dkt. 9. On August 29, 2024, plaintiff responded to defendant's letter. *See* Dkt. 10. The Honorable Eric N.

Vitaliano denied defendant's pre-motion conference request on the grounds that a conference was not necessary and directed the parties to file a joint proposed briefing schedule regarding defendant's anticipated motion to dismiss. *See* Order dated Sept. 4, 2024. On September 19, 2024, the Court adopted the parties' proposed briefing schedule. *See* Order dated Sept. 19, 2024.

On November 14, 2024, the parties filed their fully-briefed motion to dismiss. *See* Dkt. 23. On November 15, 2024, Judge Vitaliano referred the motion to the Honorable Sanket J. Bulsara for a Report and Recommendation, and on December 18, 2024, the case was transferred from Judge Bulsara to the undersigned. *See* Order Referring Mot. dated Nov. 15, 2024; Not. of Case Reassignment dated Dec. 18, 2024.

## Discussion

### I.   Standard of Review

"In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court construes the complaint liberally, 'accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.'" *Zhong v. Aug. Aug. Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, to survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter," which if "accepted as true, . . . state[s] a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, "[t]he Court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently 'raise a right to relief above the speculative level.'" *Zhong*, 498 F. Supp. at 628 (quoting *Twombly,* 550 U.S. at 555).

## II.     Pleading Requirements Under the FLSA

"To make out a claim under the FLSA, a plaintiff must show: (1) the defendant is an 'enterprise engaged in commerce or in the production of goods for commerce;' (2) the plaintiff is an 'employee' within the meaning of the FLSA; and (3) the employment relationship does not fall within an exception to the FLSA." *Rosenbaum v. Meir*, 658 F. Supp. 3d 140, 146 (E.D.N.Y. 2023) (citations omitted). "In addition to satisfying these threshold requirements, in order to survive a 12(b)(6) motion to dismiss, plaintiff[] must also allege sufficient factual matter to state a claim with plausibility." *Id.* at 147. To state a claim for overtime violations, a plaintiff must "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours." *Lundy v. Cath. Health Sys. of Long Island*, 711 F.3d 106, 114 (2d Cir. 2013).

## III.    Analysis

Defendant moves to dismiss plaintiff's Complaint on the sole ground that the allegations in the Complaint "fail to establish an employment relationship [between plaintiff and defendant] as a matter of law." Def.'s Mem. of Law in Supp. of its Mot. to Dismiss ("Def.'s Mem.") at 3. Specifically, defendant contends that plaintiff has failed to provide sufficient factual allegations to support her assertion that Harborview was her employer under the FLSA. *See id.* This Court, therefore, addresses the sufficiency of plaintiff's allegations concerning her alleged employment with Harborview.[2]

---

[2] To the extent other deficiencies may appear in the Complaint, this Court does not *sua sponte* address those deficiencies. *See Acosta v. Artuz*, 221 F.3d 117, 122 (2d Cir. 2000) ("Generally, courts should not raise *sua sponte* nonjurisdictional defenses not raised by the parties."). For example, this Court does not *sua sponte* raise concerns with the sufficiency of plaintiff's allegations regarding her overtime claims. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88 (2d Cir. 2013) (holding that to survive a motion to dismiss, an approximation of overtime hours worked "may help draw a plaintiff's claim closer to plausibility" (citation omitted)).

For the reasons set forth below, this Court recommends finding that plaintiff's allegations—at this early stage of the case and prior to discovery—are sufficient to satisfy the pleading requirements under the FLSA. This Court, therefore, recommends denying defendant's motion to dismiss.

### Plaintiff Sufficiently Alleges that Harborview Was her Employer

Defendant moves to dismiss plaintiff's FLSA claims, pre-discovery, pursuant to Rule 12(b)(6) on the grounds that plaintiff has failed to allege sufficient facts to support her assertion that Harborview was her employer.

To state a claim for relief under the FLSA, a plaintiff must establish, *inter alia*, that an employer-employee relationship existed between the plaintiff and the defendant at the time of the alleged violation. *See Zabrodin v. Silk 222, Inc.*, 702 F. Supp. 3d 102, 117 (E.D.N.Y. 2023) ("As a threshold matter, Plaintiffs must show an employer-employee relationship between themselves and Defendants to prevail on their FLSA . . . claims."); *see also Chen v. DG & S NY, Inc.*, 406 F. Supp. 3d 216, 220 (E.D.N.Y. 2016) ("The FLSA, which establishes minimum wage, overtime pay, recordkeeping, and other employment standards, creates a private right of action against *employers* who violate its terms." (emphasis added)). The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Given the remedial nature of the FLSA, courts must construe its definition of an employer liberally." *Chen*, 406 F. Supp. 3d at 220. Plaintiff bears the burden of establishing that Harborview was her employer. *See Sanchez v. Ms. Wine Shop Inc.*, 643 F. Supp. 3d 355, 366 (E.D.N.Y. 2022).

The central question when analyzing whether an individual or entity falls under the FLSA's definition of "employer" is "whether the alleged employer possessed the power to

5

control the workers in question, . . . with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citations omitted), *holding modified by Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir. 2003). When applying the so-called economic reality test, courts in this Circuit consider whether an alleged employer: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the [employees' pay] rate and method of payment, and (4) maintained employment records." *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 142 (2d Cir. 2008) (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). "No single factor of the test is dispositive, and the Court's determination is to be based at all times on the totality of the circumstances." *Chen*, 406 F. Supp. 3d at 221.

Here, plaintiff alleges that she worked at a Harborview facility located in Rome, Georgia, and that "at all relevant times, [she was] an employee of Harborview." Compl. ¶¶ 6, 8. Plaintiff further alleges that with respect to all of its facilities, Harborview: (1) "exerted operational control" over the facilities (*id.* ¶ 19); (2) "had the authority to set pay practices" (*id.* ¶ 20); (3) "substantially controlled the terms and conditions of employment for workers" such as plaintiff (*id.* ¶ 22); (4) "had a common and centralized control and management of labor relations regarding employees" (*id.* ¶ 23); and (5) "was and is directly involved in the recruiting and hiring of employees" (*id.* ¶ 27).

Defendant contends that these allegations are "conclusory" and "include no factual basis or supporting detail." Def.'s Mem. at 6. In support of this position, defendant relies on several FLSA cases from within the Second Circuit. However, those cases are distinguishable from the case at hand because they dealt with establishing an employment relationship between a plaintiff

6

and *individual* defendants.

For example, in *New York State Court Clerks Association,* the district court found that plaintiffs had not established an employment relationship with respect to the individual state judge defendants because it was "undisputed" that the judicial defendants "(1) d[id] not have the power to hire and fire the Plaintiffs; (2) d[id] not supervise and control work schedules and conditions of employment; (3) d[id] not determine the rate and method of pay; and (4) d[id] not maintain employment records." *New York State Ct. Clerks Ass'n v. Unified Ct. Sys. of the State of New York*, 25 F. Supp. 3d 459, 471-72 (S.D.N.Y. 2014).[3]

Similarly, in *Bravo*, the district court found that plaintiffs' allegations failed to establish an employer-employee relationship between plaintiffs and certain individual defendants because plaintiffs alleged only that the *individual defendants* "exercised control over the terms and conditions of Plaintiffs' employment by exercising power to fire and hire, determining rate and method of pay, determining employee work schedules, maintaining employee records, and otherwise affecting the quality of employment" without providing "specific facts" to support these allegations. *See Bravo v. Established Burger One, LLC*, No. 12-CV-9044, 2013 WL 5549495, at *6-7 (S.D.N.Y. Oct. 8, 2013). The district court denied the motion to dismiss the claims against the corporate defendants, finding that plaintiffs had sufficiently alleged the existence of a "single integrated enterprise." *See id.* at *8.

This Court finds that plaintiff sufficiently alleges that defendant was her employer. "[I]n

---

[3] Notably, the portion of the decision defendant cites refers specifically to individual defendants in an FLSA action. *See* 25 F. Supp. 3d at 471 ("[M]ere boilerplate allegations *that an individual* meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details . . . are insufficient to raise plaintiffs' right to relief 'above a speculative level' *with respect to that individual's liability as an employer* under the FLSA." (alteration in original) (emphasis added) (citation omitted)).

7

the context of a motion to dismiss, district courts in this Circuit have . . . found that complaints sufficiently allege employment when they state where the plaintiffs worked, outline their positions, and provide their dates of employment." *Dejesus*, 726 F.3d at 91.  For example, in *Garcia*, the district court found that plaintiff sufficiently alleged an employment relationship with defendants where plaintiff alleged where he worked, his position, and the period of his employment with defendants.  *Garcia v. 2390 Creston Realty LLC*, No. 23-CV-1129, 2024 WL 2959254, at *3 (S.D.N.Y. June 11, 2024).  Similarly, in *Dejesus*, the Second Circuit rejected the district court's finding that the plaintiff had failed to plead adequately an employer-employee relationship where plaintiff alleged that she "worked for defendant Health First," was "employed by defendant for about three years" as "an hourly employee," was "employed by defendant within the meaning of the FLSA," and worked "to promote insurance programs to the public and to recruit members of the public to join those insurance programs." *Dejesus*, 726 F.3d at 90 (citations omitted).  The Second Circuit noted the "expansive scope of the definition" of employment under the FLSA and found that plaintiff's allegations were sufficient "to support the inference that she was an employee within the meaning of the FLSA." *Id.* at 90-91.

      Drawing all reasonable inferences in plaintiff's favor, this Court finds that plaintiff's allegations are sufficient to support an inference that she was employed by defendant Harborview.  Specifically, this Court finds that plaintiff has sufficiently alleged an employment relationship with defendant by alleging where she worked (at a Harborview facility located in Rome, Georgia), her position (an hourly-paid licensed practical nurse), and the dates of her alleged employment at Harborview (April 2021 through April 2023).  *See* Compl. ¶¶ 8, 9, 40; *see also Garcia*, 2024 WL 2959254, at *3.

8

## Conclusion

For the reasons set forth above, this Court respectfully recommends denying defendant's motion to dismiss.

Any objections to the recommendations made in this Report must be filed with the Honorable Eric N. Vitaliano within **14 days** after the filing of this Report and Recommendation and, in any event, on or before **September 5, 2025**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam) (discussing waiver under the former ten-day limit).

The Clerk's Office is directed to enter this Report and Recommendation into the ECF system.

**SO ORDERED**

Dated: Brooklyn, New York
      August 22, 2025

s/ James R. Cho
James R. Cho
United States Magistrate Judge
