UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CRISTAL DELK, individually on behalf of herself :
and others similarly situated, :
 :
                              Plaintiff, :      MEMORANDUM AND
 :      ORDER
        -against- :
 :      No. 24-CV-4269-ENV-JRC
HARBORVIEW HEALTH SYSTEMS INC., :
a Domestic Business Corporation, :
 :
                            Defendant. :
 :
------------------------------------------------------------------- x

JAMES R. CHO, United States Magistrate Judge:

      Plaintiff Cristal Delk ("plaintiff") brings this putative collective action against defendant Harborview Health Systems Inc. ("Harborview" or "defendant"), asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for unpaid overtime wages. *See generally* Compl., Dkt. 1. Currently pending before this Court is plaintiff's motion requesting conditional certification of the FLSA collective action, pursuant to 29 U.S.C. § 216(b), and permission to circulate a notice of pendency to "[a]ll nurse employees of Harborview Health Systems, Inc. in the past three years who were paid 'straight time for overtime,'" as well as disclosure of identifying information for these potential collective action members. *See* Mot. to Certify FLSA Collective Action ("Pl. Mot."), Dkt. 25.[1]

      For the reasons set forth below, the Court grants in part plaintiff's motion for conditional

---

[1] Plaintiff's initial motion was denied without prejudice by then-Magistrate Judge Sanket J. Bulsara for failure to comply with the Court's bundling rule. *See* Order dated 10/18/2024. When plaintiff re-filed the instant motion, counsel failed to re-file plaintiff's memorandum of law or the supporting affidavits and exhibits. Thus, the Court considers plaintiff's memorandum of law, affidavits and exhibits filed with the initial motion. *See* Dkts. 20, 20-3, 20-4, 20-5.

certification and authorizes court supervised notice to all nurse employees of Harborview Health Systems, Inc. employed at the Harborview facility located in Rome, Georgia.

## Background

The following facts are drawn from the Complaint (Dkt. 1), and the affidavits submitted, and are accepted as true for purposes of determining plaintiff's motion. *See Wilk v. Quality Installations of NY, Inc.*, 724 F. Supp. 3d 76, 81-82 (E.D.N.Y. 2024); *Islam v. LX Ave. Bagels, Inc.,* No. 18-CV-4895, 2019 WL 5198667, at *1 n.3, *7 (S.D.N.Y. Sept. 30, 2019).

Defendant Harborview is a domestic corporation incorporated in New York, and maintains its principal executive office in Cedarhurst, New York.  Compl. ¶¶ 4, 11.  Harborview operates approximately twenty-seven "health centers located throughout Florida, Georgia, and North Carolina."  *Id.* ¶¶ 13, 14, 17.  Harborview's health centers are "primarily engaged in the care of sick, aged, mentally ill or defective clients who reside on premises."  *Id.* ¶ 34.  Defendant represents on its website that Harborview "focus[es] on providing exceptional skilled nursing care, alongside onsite rehabilitation and physician services" and "includes 27 health centers across Florida, Georgia, and North Carolina, caring for over 2,500 residents with an equally committed team of healthcare professionals."  Pl. Ex. C, Dkt. 20-3 at ECF page[2] 4.

From April 2021 through April 2023, plaintiff worked as a licensed practical nurse at a Harborview facility located in Rome, Georgia (the "Facility").  Compl. ¶¶ 7-9, 40; Decl. of Cristal Delk ("Delk Decl.") ¶¶ 3-4, Dkt. 20-4.  Plaintiff's responsibilities included providing basic nursing care to patients, such as "administering medication, taking vital signs, taking notes, and post-op care."  Compl. ¶ 41.

---

[2] References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

Plaintiff was paid an hourly wage for all hours worked.  Compl. ¶¶ 9, 42; Delk Decl. ¶¶ 4-5.  During plaintiff's employment at the Facility, she "worked in excess of forty (40) hours in most, if not all, workweeks."  Compl. ¶ 44; see Delk Decl. ¶ 8.  Although she regularly worked in excess of forty hours, plaintiff did not receive statutory overtime pay and instead was paid "at her regular rate of pay for all hours that [she] worked in a single week, including the hours that Plaintiff worked over forty (40) (i.e. "straight time for overtime").  Compl. ¶¶ 45, 46, 48; see Delk Decl. ¶¶ 9-10.

Plaintiff has submitted a declaration from opt-in plaintiff Miriam Morris, who worked as an hourly paid nurse at the Facility from March 2022 to date.  Decl. of Miriam Morris ("Morris Decl.") ¶¶ 3-4, Dkt. 20-5.  Like plaintiff, Morris was paid a straight hourly wage for all hours worked.  Id. ¶¶ 5-7.  Despite regularly working in excess of 40 hours per week, Morris was not paid an overtime premium for overtime hours.  Id. ¶¶ 9-10.

Delk and Morris personally observed other nurses who performed the same job duties and were paid only straight time for their overtime hours.  Delk Decl. ¶ 11; Morris Decl. ¶ 11.  When Morris asked her supervisor why she was not paid an overtime premium, the supervisor responded that Harborview does not pay overtime.  Morris Decl. ¶ 14.  In mid-2022, Morris and another nurse, Kylea Ewers, contacted several other Harborview facilities, including Rosewell Health Center in Marietta, Georgia, and asked the recruiters for those facilities whether they paid an overtime premium for nurses; they were told, "Harborview does not pay overtime."  Id. ¶ 15.

## Procedural History

On June 17, 2024, plaintiff commenced this action against Harborview alleging violations of the FLSA's overtime provisions.  See Compl., Dkt. 1.  On November 14, 2024, defendant filed a motion to dismiss for failure to state a claim arguing that defendant is not

3

plaintiff's employer. *See* Dkt. 23. On August 22, 2025, this Court issued a Report and Recommendation that the District Court deny the motion to dismiss. *See* Dkt. 28. On September 8, 2025, the District Court adopted the Report and Recommendation and denied defendant's motion to dismiss. Order dated 9/8/2025.

On November 21, 2024, plaintiff filed the instant motion for conditional certification. *See* Dkt. 25. In support of her motion for conditional certification, plaintiff relies on her own declaration, the declaration of opt-in plaintiff Morris, and the allegations contained in the Complaint. In response, defendant denies that it is plaintiff's or Morris' employer. Decl. of Jim Leibowitz ("Leibowitz Decl.") ¶ 5, Dkt. 25-1 at ECF page 18. In fact, defendant has submitted a declaration averring that it has never employed anyone, and has no relationship with the employees at the Facility, or any of the other centers identified on its website. *Id.* ¶¶ 3, 5; *see id.* ¶¶ 6-13. Defendant contends that it "does not conduct business" and "exists solely as a member of and investor in" "Harborview Jesup, LLC and Harborview Thomaston, LLC, both of which operate centers that provide residents with long-term care, skilled nursing, and/or rehabilitation services." Leibowitz Decl. ¶¶ 2, 4.

## Discussion

### I.  Legal Standard

The FLSA provides that "any one or more employees" may bring an action against an employer "for and in behalf of himself or themselves and other employees similarly situated." *See* 29 U.S.C. § 216(b); *Villalta v. 101-11 86 Ave. Corp.*, No. 20-CV-0249, 2022 WL 462408, at *2 (E.D.N.Y. Feb. 15, 2022) ("Section 216(b) of the FLSA provides employees with a right of action on behalf of themselves and 'other employees similarly situated.'" (citing 29 U.S.C. § 216(b)). This is known as a "collective action." *Myers v. Hertz Corp.*, 624 F.3d 537, 543 (2d

Cir. 2010).  Unlike a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, a collective action requires "similarly situated" employees to affirmatively opt-in to litigation by filing written consents "in the court in which such action is brought."  29 U.S.C. § 216(b).  Courts have discretion under this section to direct a defendant employer to disclose the names and addresses of similarly situated potential plaintiffs and to authorize the sending of notice to those individuals, so that they may opt-in to the collective action.  *See Myers*, 624 F.3d at 554  (quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989)); *see also Genesis Healthcare Corp. v. Symcyk*, 569 U.S. 66, 74 (2013) ("Under the FLSA, by contrast, 'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action.  The sole consequence of conditional certification is the sending of court-approved written notice to employees[.]").

"Courts in the Second Circuit apply a two-step test to determine whether to approve a 'collective action' under the FLSA."  *Hunter v. Next Level Burger Co., Inc.*, No. 23-CV-03483, 2024 WL 686929, at *2 (E.D.N.Y. Feb. 20, 2024); *see Myers*, 624 F.3d at 554-55.  At the first stage, the court makes an initial determination of whether, based on the pleadings and affidavits, the plaintiff has demonstrated that the potential opt-in plaintiffs are similarly situated to the named plaintiff.  *Myers*, 624 F.3d at 555.  At the first step, before any significant discovery takes place, referred to as "conditional certification," plaintiffs must make "a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law."  *Id.* at 555 (internal quotation marks and citation omitted).  "[T]he focus of the inquiry is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated . . . with respect to their allegations that the law has been violated."  *Gonzalez v. Wicked Taco LLC*, 764 F. Supp. 3d 77, 96 (S.D.N.Y. 2025) (quoting

5

*Romero v. La Revise Assocs., LLC*, 968 F. Supp. 2d 639, 645 (S.D.N.Y. 2013)).

The "modest factual showing" that plaintiffs must make at the conditional certification stage "cannot be satisfied simply by 'unsupported assertions,' but it [nevertheless] should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist[.]" *Myers*, 624 F.3d at 555 (internal citations omitted). The plaintiff must proffer "actual evidence" of a "factual nexus" between their situation and those that they claim are similarly situated, rather than mere conclusory allegations. *See, e.g., Chui v. Am. Yuexianggui of LI LLC*, No. 18-CV-5091, 2020 WL 3618892, at *7 (E.D.N.Y. July 2, 2020); *Cuaya v. VI Dev. Grp., LLC*, No. 19-CV-4290, 2020 WL 5494371, at *3 (S.D.N.Y. Sept. 10, 2020); *Mason v. Lumber Liquidators, Inc.*, No. 17-CV-4780, 2019 WL 2088609, at *6 (E.D.N.Y. May 13, 2019), *aff'd*, 2019 WL 3940846 (E.D.N.Y. Aug. 19, 2019). "[W]hile a plaintiff's 'burden of proof is low, it is not non-existent [and] certification is not automatic.'" *Cuaya*, 2020 WL 549371, at *3 (quoting *Sanchez v. JMP Ventures, L.L.C.*, No. 13-CV-7264, 2014 WL 465542, at *1 (S.D.N.Y. Jan. 27, 2014)).

At this first stage, evidence proffered by defendant in opposition to conditional certification cannot rebut the plaintiff's "modest factual showing." *See Heras v. Metro. Learning Institute,* No. 19-CV-2694, 2021 WL 8650861, at *3 (E.D.N.Y. Sept. 28, 2021); *Cuaya*, 2020 WL 549371, at *7 & n.5 (rejecting allegations in defendants' affidavits); *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 67 (E.D.N.Y. 2016) (refusing to consider deposition testimony to rebut plaintiff's assertions). "When applying this lenient evidentiary standard, a court evaluates pleadings and affidavits, but does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Singh v. Anmol Food Mart, Inc.*, No. 22-CV-5475, 2024 WL 308241, at *2 (E.D.N.Y. Jan. 26, 2024); *see Wicked Taco*, 764 F. Supp.

6

3d at 100; *Cuaya*, 2020 WL 549371, at *7 & n.5.

If the Court grants conditional certification at the first step, potential class members may then "opt in" to the action. *See Next Level Burger*, 2024 WL 686929, at *2; *Rafter v. Everlast Sign & Serv. Inc.*, No. 21-CV-4588, 2023 WL 7687261, at *4 (E.D.N.Y. Apr. 13, 2023). At the second step, after discovery, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555. "If, at that stage, the Court determines that Plaintiffs fail to meet this requirement, the Court may then de-certify the collective action." *Next Level Burger*, 2024 WL 686929, at *2; *see Myers*, 624 F.3d at 555.

## II.     Conditional Certification

Plaintiff contends that she has satisfied her "minimal burden" by showing that defendant maintained a common policy of failing to pay overtime wages to her and other nurses employed at all 27 Harborview facilities for hours worked beyond 40 per workweek. Defendant argues that it did not employ plaintiff or any other nurses. For the reasons discussed below, the Court concludes that, taken together, the Complaint and declarations satisfy the lenient "modest" standard by showing that other nurses at the Rome, Georgia Facility, where plaintiff worked, are "similarly situated" to plaintiff with respect to her overtime allegations. However, plaintiff has failed to make the requisite showing as to nurses at other Harborview locations.

### A.     Single Integrated Employer

As an initial matter, since Harborview is not plaintiff's direct employer, plaintiff must show that Harborview is a single integrated employer covered by the FLSA. *See* Compl. ¶ 15. "[A]n employee, who is technically employed on the books of one entity, which is deemed to be

part of a larger 'single-employer' entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer." *Gonzalez v. Hanover Ventures Marketplace LLC*, No. 21-CV-1347, 2022 WL 193004, at *3 (S.D.N.Y. Jan. 21, 2022) (quoting *Spiciarich v. Mexican Radio Corp.*, No. 14-CV-9009, 2015 WL 4191532, at *5 n.5 (S.D.N.Y. July 10, 2015)); *accord Neor v. Acacia Network, Inc.*, No. 22-CV-4814, 2025 WL 958583, at *5 (S.D.N.Y. Mar. 31, 2025). "To determine whether distinct entities operate as a single integrated enterprise, 'courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.'" *Neor*, 2025 WL 958583, at *5 (quoting *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014)); *Wicked Taco*, 764 F. Supp. 3d at 97 (quoting *Mangahas v. Eight Oranges Inc.*, 754 F. Supp. 3d 468, 485 (S.D.N.Y. 2024)).

Defendant argues that conditional certification must be denied because defendant was not plaintiff's employer. *See* Def. Opp. at 5-6, Dkt. 25-1. According to defendant, it "does not operate, control, manage, or have any financial stake in the facility where Delk and Morris claim that they worked – Harborview Rome." *Id.* at 6. However, as defendant recognizes, "in evaluating whether court-authorized notice is appropriate, the court does not resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations." *Lorenzo v. Dee Mark Inc.*, 702 F. Supp. 3d 194, (S.D.N.Y. 2023) (internal quotation marks and citation omitted); *see Lijun Geng v. Shu Han Ju Rest. II Corp.*, No. 18-CV-12220, 2019 WL 4493429, at *7 (S.D.N.Y. Sept. 19, 2019). In fact, at this stage, the court cannot rely on a sworn statement submitted by defendant nor the factual statements made in its submissions. *See Jackson v. Total Relocation Servs.*, No. 23-CV-4118, 2024 WL 4850814, at *7 (S.D.N.Y. Nov. 21, 2024); *Heras*, 2021 WL 8650861, at *3; *Cuaya*, 2020 WL 5494371, at *7 & n.5.

8

Generally, "whether a particular defendant can be considered a plaintiff's employer" and whether "[d]efendants operated as a single enterprise" are "complicated and fact-specific inquir[ies]," which courts generally defer until the second stage of certification. *Lijun Geng*, 2019 WL 4493429, at *7; *see Wicked Taco*, 764 F. Supp. 3d at 97, 100; *Cuaya*, 2020 WL 5494371, at *7; *Islam*, 2019 WL 5198667, at *5; *Uraga v. Amici 519 LLC*, No. 17-CV-3547, 2018 WL 3579850, at *4 (S.D.N.Y. July 25, 2018). "The fact that defendants may operate as 'distinct corporate entities does not insulate them from liability at this stage." *Lijun Geng*, 2019 WL 4493429, at *7 (quoting *Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 559 (S.D.N.Y. 2015)). "Where a plaintiff makes an adequate factual showing to support the inference that separate locations act as a single integrated enterprise, courts in this Circuit routinely reject allegations in defendants' affidavits as a basis for denying collective action certification." *Wicked Taco*, 764 F. Supp. 3d at 97 (quoting *Cuaya*, 2020 WL 5494371, at *7). In other words, "[i]f the plaintiff's allegations are sufficient on their face to support [conditional certification], a defendant may not defeat the plaintiff's motion by presenting conflicting factual assertions." *Lorenzo*, 702 F. Supp. 3d at 202.

Drawing all inferences in plaintiff's favor, the Court finds that plaintiff has made a modest showing that Harborview is a single integrated employer. First, plaintiff has presented some evidence of common ownership and management. *See Tay v. New York Presbyterian Hosp.*, No. 22-CV-8379, 2024 WL 4286226, at *8 (S.D.N.Y. Sept. 24, 2024) (relying on quotes from defendant's website "referring to the hospitals as its 'campuses' and the hospitals' employees as its 'employees'"). Regarding common ownership, defendant's website refers to: "[e]ach of our centers"; "Harborview now includes 27 health centers across Florida, Georgia, and North Carolina, caring for over 2,500 residents with equally committed team of healthcare

9

professionals." Pl. Ex. C, Dkt. 20-3 at ECF page 4 (emphasis added). Defendant's website further lists contact information for each of the 27 facilities across "Harborview Health Systems." *Id.* at ECF pages 8-10. Regarding common management, defendant's website states that "[s]taff at all Harborview facilities pride themselves on going above and beyond to provide the very best care possible." *Id*. at ECF page 6. The interrelated advertisement and marketing for defendant's facilities is further evidence of a single integrated employer. *See Wicked Taco*, 764 F. Supp. 3d at 97 (relying on allegations that "advertisements and marketing that promoted the restaurants were interrelated");[3] *Neor*, 2025 WL 958583, at *6 ("shared one website and social media displaying the same Acacia Network trademark to advertise their services"); *Gonzalez*, 2022 WL 193004, at *4 (relying on common website, "which lists and promotes each of the entities," and provides a "singular mission statement," and common advertisements).

In the Complaint, plaintiff alleges that "the operation of all of Harborview's facilities was interrelated"; "Harborview had centralized/shared back-office operations, including but not limited to human resources"; and "Harborview exerted operational control over" and "had the authority to set pay practices at each of the facilities." Compl. ¶¶ 16-27. Further, Harborview posts job openings at all of its facilities on its website. *Id.* ¶ 28. These factual allegations, taken as true, demonstrate many of the characteristics of a single integrated employer. *See Tay*, 2024 WL 4286226, at *8 (relying on allegations regarding defendant's "control over its subsidiary facilities, particularly relating to employment matters like compensation, hiring, and safety"); *Gonzalez*, 2022 WL 193004, at *4 (finding sufficient factual allegations of common payroll system, a central HR department, and a common employee handbook).

---

[3] In *Wicked Taco*, the court denied plaintiff's request as to those restaurants where there was "no evidence that [restaurant] engaged in marketing and promotion for [other restaurants]." 764 F. Supp. 3d at 99.

10

"[T]he court will not prejudge defendant[']s status as an employer since it is a contested area of fact requiring discovery and not a basis for denying conditional certification." *Wicked Taco*, 764 F. Supp. 3d at 100 (quoting *Hernandez v. Immortal Rise, Inc.*, No. 11-CV-4360, 2012 WL 4369746, at *5 (E.D.N.Y. Sept. 24, 2012)); *see Cuaya*, 2020 WL 5494371, at *7 & n.5. As noted above, at this juncture, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility findings. *See Tay*, 2024 WL 4286226, at *4; *Gonzalez*, 2022 WL 193004, at *6; *Cuaya*, 2020 WL 5494371, at *7 & n.5 ("courts in this Circuit routinely reject allegations in defendants' affidavits as a basis for denying collective action certification"). Plaintiff has met her minimum burden of pleading that defendant is a single employer for purposes of conditional certification.

### B.    Similarly Situated

Having established that plaintiff has made an adequate showing that defendant operates a single integrated enterprise, the next question is whether plaintiff and other Harborview nurses are similarly situated with respect to the overtime violations alleged by plaintiff. *See Tay*, 2024 WL 4286226, at *8 ("adequate showing that [defendant] operates as a single integrated enterprise . . . is not dispositive – what matters is whether Plaintiff and other hospital employees were 'similarly situated with respect to the FLSA violations alleged in the [C]omplaint"); *Jackson*, 2024 WL 4850814, at *6 ("the focus of this analysis is whether the plaintiff has sufficiently alleged that the employees in the proposed collective are subject to a uniform policy or practice"). "Where, as here, plaintiffs claim a 'single integrated enterprise' to seek conditional certification of a collective including employees of different corporate entities at different locations, they must make at least 'a modest showing' that . . . each location had employees that were 'similarly situated' with regard to the allegedly unlawful . . . policies."

11

*Munoz v. Grp. US Mgmt. LLC*, 348 F.R.D. 192, 205 (S.D.N.Y. 2025) (citations omitted); *see Tay*, 2024 WL 4286226, at *8; *Contera*, 278 F. Supp. 3d at 716. "[T]he requirement of a modest factual showing cannot be satisfied solely by the unsupported assertions in the plaintiff's pleading or by allegations made on information and belief." *Munoz*, 348 F.R.D. at 201 (internal quotation marks and citation omitted); *see Myers*, 624 F.3d at 555. "[A] plaintiff must offer *actual evidence* of a factual nexus between his situation and those of other allegedly similarly situated employees." *Cuaya*, 2020 WL 5494371, at *3 (internal quotation marks and citation omitted) (emphasis added); *see Prizmic v. Armour, Inc.*, No. 05-CV-2503, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) ("[M]ere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made.").

"At the conditional certification stage[,] 'the burden is so low that even one or two affidavits establishing the common plan may suffice.'" *Jun Hua Yang v. Rainbow Nails Salon IV Inc.*, No. 18-CV-4970, 2019 WL 2166686, at *5 (E.D.N.Y. May 16, 2019) (quoting *Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 445-46 (S.D.N.Y. 2013)). Indeed, several courts in this Circuit have found that a single affidavit may, in conjunction with allegations contained in the complaint, provide a factual nexus between the wage violations that the plaintiff allegedly suffered and those possibly suffered by other similarly situated employees. *See, e.g., Han v. Madison Ave. Realties, LLC*, No. 22-CV-382, 2022 WL 2609003, at *3 (S.D.N.Y. July 8, 2022) ("There is no requirement that there be an affidavit from another employee for an action to be conditionally certified and notice to be authorized."); *Cheng v. Via Quadronno LLC*, No. 20-CV-8903, 2021 WL 4319569, at *3 (S.D.N.Y. Sept. 23, 2021) (explaining that "[a] single affidavit from a named plaintiff is enough to make th[e] [*Myers*] showing"); *Ni v. Red Tiger Dumpling House Inc.*, No. 19-CV-3269, 2020 WL 7078533, at *7 (E.D.N.Y. Nov. 30, 2020). This is true

12

even when the declarations are "somewhat thin on details." *Lubas v. JLS Grp., Inc.*, No. 18-CV-6611, 2020 WL 4210754, at *7 (E.D.N.Y. July 22, 2020) ("such proof is sufficient to meet the low factual threshold for FLSA collective certification"); *see Placinta v. Grazina Pilka, Inc.*, No. 16-CV-4272, 2018 WL 5024170, at *9, *14 (E.D.N.Y. Oct. 5, 2018) (granting motion for conditional certification where there were multiple affidavits corroborating plaintiffs' statements even though the factual record proffered was "ultimately quite thin on facts").

Here, plaintiff provides allegations and a sworn statement that defendant did not properly compensate nurses at the Facility for overtime hours. Morris' declaration corroborates plaintiff's claim. They each also contain averments that they "personally observed that there were numerous other similarly situated nurses who: (a) performed the same or similar job duties that I performed; (b) worked a similar amount of hours that I worked per workweek; and (c) were paid straight time for overtime." Delk Decl. ¶ 11; Morris Decl. ¶ 11. Morris also stated that a supervisor told her that she was not paid an overtime premium because "Harborview simply does not pay overtime." Morris Decl. ¶ 14. The aforesaid evidence rises above mere conclusory allegations. *See Han*, 2022 WL 2609003, at *4; *Heras*, 2021 WL 8650861, at *4. The Court, therefore, finds that plaintiff has met her "low burden" to demonstrate that putative collective action members are similarly situated, and the Court conditionally certifies the FLSA collective action.

Plaintiff has not made a sufficient showing, however, as to any location other than the Facility located in Rome, Georgia, where plaintiff and Morris worked. *See Munoz*, 348 F.R.D. at 201-02, 205-06 ("While these facts weigh in favor of finding a common enterprise, they fall short of demonstrating that Defendants' wage and hours policies were the same at these different locations."); *Heras*, 2021 WL 8650861, at *6. A plaintiff "must adduce enough evidence to

13

support an inference of a common wage policy across all locations before a multi-location collective may be certified." *Munoz*, 348 F.R.D. at 201. "Indeed, courts have declined to conditionally certify proposed collectives based on 'plaintiffs' mere belief that the policies are the same at . . . other [locations].'" *Jackson*, 2024 WL 4850814, at *5 (quoting *Rojas v. Kalesmeno Corp.*, No. 17-CV-164, 2017 WL 3085340, at *5 (S.D.N.Y. July 19, 2017)); *see Heras*, 2021 WL 8650861, at *6.

    Plaintiff and Morris do not claim to have worked at or even visited any other Harborview facility, nor do their declarations identify any employees who worked at any other Harborview facility. Plaintiff has not demonstrated that defendant's wage and hour policies were the same at these different locations. While Morris and a co-worker were told by recruiters for other facilities that they do not pay overtime, there is no other information about the pay practices with respect to nurses at those facilities; for example, whether those nurses work more than 40 hours per week. Courts in this Circuit have found that where a plaintiff relies on observations or conversations with similarly situated employees, a plaintiff "must provide a minimum level of detail regarding the contents of those conversations o[r] observations." *Munoz*, 348 F.R.D. at 203, 206. In sum, plaintiff provides no non-conclusory statements about the wage and hour policies of any other location, nor does she mention with any specificity conversations with others who worked at any other facility.

    Although plaintiff has made a modest showing that defendant operates a single integrated enterprise, which includes the Facility where plaintiff and Morris worked, she has not "provided the Court with enough specifics to meet even the modest burden that they face at this juncture to show that the specific wage and hour policies of which they complain were 'uniform' across all [locations]." *Munoz*, 348 F.R.D. at 206 (finding showing adequate only as to two locations

14

where referenced employees worked) (internal quotation marks and citation omitted).  Plaintiff has not submitted any evidence that nurses at various other locations were subject to the same schedules and compensated in a similar fashion as plaintiff.  *See Adam v. Bloomberg L.P.*, No. 21-CV-4775, 2023 WL 3814252, at *5 (S.D.N.Y. June 5, 2023) (denying conditional collective certification motion where plaintiffs failed to identify individuals who "potentially [had] the same duties and raise[d] the same claims"), *report and recommendation adopted*, 2024 WL 4457708 (S.D.N.Y. Oct. 10, 2024); *Han*, 2022 WL 2609003, at *4 ("Plaintiff presents no evidence that the overtime compensation policies he challenges affected persons other than building maintenance workers who worked at 240 Madison Avenue."); *Heras*, 2021 WL 8650861, at *6 (no evidence "that would allow this Court to make a reasonable inference that" recruiters at different locations "are subject to same schedules and violative wage practices as was plaintiff"); *Hickmon v. Fun & Fit LLC*, No. 20-CV-10270, 2021 WL 3578296, at *5-6 (S.D.N.Y. Aug. 13, 2021) (denying motion where plaintiffs failed to "identify any potentially similarly situated employees by name"); *Loh v. Kong Kee Food Corp.*, No. 20-CV-1597, 2021 WL 11688098, at *5 (E.D.N.Y. Feb. 26, 2021) ("Plaintiff fails to show that the same pay policies that plaintiff complains were applied to the wages of the LIC Factory workers, including Loh and Ah Chuan, were also suffered by Chinatown Store employees.").  The Court, therefore, declines to authorize notice to nurses at any Harborview facility other than the Rome, Georgia Facility.

### III.   Notice and Discovery

Once a court determines that a plaintiff has satisfied her burden for initial certification of a collective action, the court may authorize issuance of a notice informing potential additional plaintiffs of the opportunity to opt into the lawsuit.  *See generally Genesis Healthcare*, 569 U.S. at 74; *Hoffmann-La Roche*, 493 U.S. at 171-72.  Although the FLSA does not specify the

15

contents of the notice to be provided, the district court has broad discretion "regarding the form and content of the notice." *Zimnicki v. Krysiak Constr. Corp.*, No. 21-CV-4634, 2022 WL 17820139, at *9 (E.D.N.Y. Sept. 27, 2022).

Plaintiff has submitted to the Court for approval a proposed "Notice of Lawsuit" and "Consent to Join Form." *See* Dkt. 25, Exs. A, B. In response, defendant objects to the "vague substance of the notice," as well as the "confusing[]" description of defendant's defense that it does not have any employees. Def. Opp. at 9, Dkt. 25-1. Defendant requests that if plaintiff's motion is granted in any part, the parties be allowed 21 days to confer and jointly present a proposed notice. *Id.* at 10. Plaintiff is not opposed to the meet and confer process. *See* Pl. Reply at 5, Dkt. 25-2. At a minimum, the notice proposed by plaintiff must be revised to conform to the scope of the collective certified by the Court. Accordingly, the parties are directed to meet and confer regarding the language of the proposed notice. Plaintiff shall file the revised proposed notice by October 7, 2025. If defendant objects to the proposed notice, it may file a response by October 21, 2025. Nevertheless, the Court addresses several issues implicated by the proposed notice.

Plaintiff asks that the proposed collective include nurses who worked for defendant at any time within three years of the Court's ruling. *See* Pl. Mem. at 17-18. Defendant has not objected to the proposed notice period. The statute of limitations for an FLSA claim is either two years or three years in the event of a willful violation. *See* 29 U.S.C. § 255(a). Since plaintiff alleges willful violations of the FLSA in the Complaint, the Court finds it appropriate to permit conditional certification of a collective action for a three-year period. *See Garcia v. Janus Homecare Agency, Inc.*, No. 23-CV-3321, 2023 WL 7039543, at *5 (S.D.N.Y. Oct. 26, 2023); *Zimnicki*, 2022 WL 17820139, at *10.

16

Plaintiff proposes a 90-day opt-in period for potential plaintiffs who may wish to join this collective action.  *See* Pl. Mem. at 20; Pl. Mot. at 2.  Although courts have granted opt-in periods of up to 90 days, it has only generally done so "where the period is agreed upon between the parties or special circumstances require an extended opt-in period." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 452 (S.D.N.Y. 2011) (citations omitted).  Even though defendant has not objected to that time period, "a 60-day notice period for potential plaintiffs is common practice under the FLSA." *Zimnicki*, 2022 WL 17820139, at *12 (quoting *Cohan v. Columbia Sussex Mgmt., LLC*, No. 12-CV-3203, 2013 WL 8367807, at *4 (E.D.N.Y. Sept. 19, 2013)); *Cinar v. R&G Brenner Income Tax LLC*, No. 20-CV-1362, 2021 WL 7366924, at *10 (E.D.N.Y. Sept. 29, 2021).  Accordingly, the Court approves a 60-day opt-in period.  *See Singh*, 2024 WL 308241, at *5 (reducing opt-in period from 90 days to 60 days); *Garcia*, 2023 WL 7039543, at *6 (same).

Plaintiff requests that she be permitted to send the class notice via email and text message, in addition to regular mail.  *See* Pl. Mem. at 16-17; Pl. Mot. at 2.  "Courts have held that the dissemination of notices via mail, email, and text are appropriate vehicles." *Chen v. Thai Greenleaf Rest. Corp.*, No. 21-CV-1382, 2024 WL 3742718, at *5 (E.D.N.Y. Aug. 9, 2024) (citing *Carranza v. VBFS, Inc.*, No. 20-CV-2635, 2021 WL 1233546, at *19 (S.D.N.Y. Apr. 2, 2021)); *see Panora v. Deenora Corp.*, No. 19-CV-7267, 2020 WL 7246439, at *5 (E.D.N.Y. Dec. 9, 2020) (allowing notice to be provided through "forms of direct communication with potential plaintiffs – including mail, e-mail, text message, and direct social media channels such as WhatsApp and WeChat").  Accordingly, the Court orders that, in addition to regular mail, the notice shall be disseminated by email and text message.

Finally, plaintiff requests that putative plaintiffs be permitted to sign their consent forms

17

electronically. *See* Pl. Mem. at 18-19. Again, defendant has not objected to that request. "Courts routinely allow potential class members to opt in to FLSA collective actions with an electronic signature." *Macias v. Catapult Painting, LLC*, No. 19-CV-4856, 2020 WL 6253589, at *6 (S.D. Tex. Oct. 22, 2020); *see, e.g., Newson-Pace v. United States*, 177 Fed. Cl. 262, 274 (Fed. Cl. 2025); *Tripp v. Perdue Foods, LLC*, No. 24-CV-00987, 2024 WL 4770282, at *9 (D. Md. Nov. 13, 2024); *Chapman v. Saber Healthcare Grp., LLC*, 623 F. Supp. 3d 664, 682 (E.D. Va. 2022) ("District courts regularly permit electronic signatures of consent forms, as technological advances have made electronic signatures trustworthy and reliable."). The Court approves the use of electronic signatures to consent to opt into this case.

Finally, plaintiff seeks an order directing defendant to produce within 14 days a list containing the names, last known addresses, phone numbers, and e-mail addresses of putative class members within the defined class. *See* Pl. Mem. at 19; Pl. Mot. at 1-2. Defendant objects to this request on the grounds that it is not an "employer," and it "could not comply with a request to provide contact information about its 'employees.'" *See* Def. Opp. at 9.

Courts in collective actions routinely order the discovery of names, addresses, telephone numbers, email addresses and dates of employment of potential class members. *See, e.g.*, *Zimnicki*, 2022 WL 17820139, at *13; *Cinar*, 2021 WL 7366924, at *13. The Court sees no reason to depart from those cases here. Notably absent from the affidavit submitted by defendant, and its arguments, is any claim that defendant does not possess contact information for the nurses who worked at the Facility. Accordingly, this Court grants plaintiff's request and orders defendant to produce names, last known addresses, phone numbers, and e-mail addresses of all potential opt-in plaintiffs, dating three years from the date of this Order, by September 30, 2025. This information shall be treated by the parties as confidential, and to the extent that the

parties have not entered into a Stipulation and Order of Confidentiality ("protective order") which includes this information, the parties shall submit, for the Court's review and approval, a proposed protective order. Finally, defendant should produce this information in a computer-readable file.

If defendant claims that the information sought is not within its possession, custody or control, it shall provide plaintiff with an affidavit so stating. In that event, plaintiff may serve any appropriate discovery to obtain the information sought.

## Conclusion

For the reasons set forth above, this Court grants in part plaintiff's motion as follows:

(1) this action is conditionally certified as a collective action, with the potential opt-in plaintiffs including any and all nurses who were employed at the Facility in Rome, Georgia from September 16, 2022 through the present;

(2) on or before September 30, 2025, defendant is directed to produce a computer-readable data file containing the names, last known addresses, cell phone numbers and email addresses of potential opt-in members from September 16, 2022 through the present or an affidavit explaining that the information is not within its possession, custody or control;

(3) plaintiff is authorized to disseminate the final approved notice and consent form via first class mail, email and text message within two weeks of the Court's approval of the final version of both documents;

(4) the opt-in period ends 60 days from the date the Court approves the final notice and opt-in consent form; and

(5) parties shall meet and confer regarding the language of the proposed notice, consistent with the guidance provided in this Order. Plaintiff shall file the revised proposed notice by

19

October 7, 2025. If defendant objects to the proposed notice, it may file a response by October 21, 2025.

    **SO ORDERED**

Dated: Brooklyn, New York
       September 16, 2025

                                                       s/ James R. Cho
                                                       James R. Cho
                                                       United States Magistrate Judge